**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**NORTHERN DIVISION**

KENNETH L. WALLER,   PLAINTIFF
ADC #103829

v.   1:13CV00025-KGB-JTK

JOHN MAPLES, JR., et al.   DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Kristine G. Baker. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The detail of any testimony desired to be introduced at the hearing before the District

Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## I. Introduction

This matter is before the Court on the Defendants' Second Motion for Summary Judgment (Doc. No. 44). Plaintiff has not filed a Response, despite the Court's July 29, 2014 Order directing such (Doc. No. 47).[1]

Plaintiff Kenneth Waller is a state inmate incarcerated at the Grimes Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging excessive force and retaliation associated with an incident which occurred at the Unit on October 13, 2012. (Doc. No. 2.) Plaintiff asks for monetary and injunctive relief from Defendants Warden John Maples, Sergeant Richard Fry, and Correctional Officer Danny Neldon. By Order dated June 2, 2014, this Court dismissed the excessive force and deliberate indifference claims against Fry and Maples, and also dismissed Defendant Neldon (Doc. No. 43).

According to his Complaint, Defendants Fry and Neldon escorted Plaintiff from his cell on October 13, 2012, for a shower and shave. (Doc. No. 2, p. 5.) When Defendant Fry told Plaintiff he also needed to have his hair cut, Plaintiff refused, and Fry "yanked" him by the arm and

---

[1]The Court cautioned Plaintiff that failure to respond could result in the dismissal without prejudice of his complaint, for failure to prosecute, pursuant to Local Rule 5.5(c)(2).

2

"dragged" him back to his cell. (Id., pp. 5-6.) Defendant Neldon did not intervene to prevent the force used by Fry, and neither officer reported the use of force. (Id., p. 6.) After Plaintiff filed a grievance about the incident, Fry retaliated by filing a disciplinary charge against him. (Id., p. 7.)

Plaintiff claims Defendant Maples was aware of Fry's actions, failed to investigate complaints against him, and failed to discipline him, reprimand him, or otherwise take corrective action. (Id., p. 9.) He alleges Maples knew of the general propensity for excessive force and retaliation by Fry and others, and improperly delegated the responsibility of responding to Plaintiff's grievances to other individuals. (Id.) Plaintiff also claims Maples failed to prevent further retaliation against him in the form of disciplinary charges filed on June 21, 2011, October 14, 2011, November 6, 2012, and December 18, 2012. (Id., p. 11.) Plaintiff claims Defendants' actions caused him emotional and physical harm. (Id., p. 12.)

## II.    Summary Judgment

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'" Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other citations omitted). "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135. Although the facts are

viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

In addition, "[a]ll material facts set forth in the statement (of undisputed material facts) filed by the moving party...shall be deemed admitted unless controverted by the statement filed by the non-moving party...." Local Rule 56.1, Rules of the United States District Court for the Eastern and Western Districts of Arkansas. Failure to properly support or address the moving party's assertion of fact can result in the fact considered as undisputed for purposes of the motion. FED.R.CIV.P. 56(e)(2).

Defendants ask the Court to dismiss Plaintiff's Complaint against them, stating that he provides no evidence of retaliatory disciplinary filings, especially since Plaintiff admitted an actual violation of ADC rules with respect to the October 13, 2012 disciplinary charge filed against him by Defendant Fry. And, absent proof of retaliation by Fry, Defendant Maples cannot be liable, especially since Plaintiff's allegations against him are based on his supervisory position, which cannot serve as a basis for liability under § 1983. Finally, Defendants state they are protected from liability by qualified immunity.

In light of the Plaintiff's failure to respond to the Motion and to offer a dispute of the facts asserted by Defendants, the Court hereby finds that the facts set forth by Defendants are undisputed for purposes of the Motion, and recommends that summary judgment be granted as a matter of law. See FED.R.CIV.P. 56(e)(2), (3). In order to support a retaliation claim against Defendants, Plaintiff must allege and prove "that he engaged in protected activity and that defendants, to retaliate for the protected activity, took adverse action against [him] that would chill a person of ordinary firmness from engaging in that activity." Lewis v. Jacks, 486 F.3d 1025, 1028 (8th Cir. 2007). However, a

retaliation claim is precluded if the alleged retaliatory conduct violation was issued for the actual violation of a prison rule, by the showing of "some evidence" that the inmate actually committed a rule violation. Hartsfield v. Nichols, 511 F.3d 826, 829 (8th Cir. 2008).

In this particular case, Defendant Fry filed a disciplinary violation against Plaintiff on October 13, 2012, after Plaintiff refused to allow his hair to be cut, as required by the ADC grooming policy. (Doc. No. 45-2, pp. 8-9.) Plaintiff himself admitted in his deposition testimony that he refused to allow his hair to be cut, and refused Defendant Fry's orders. (Doc. No. 29-1, pp. 15-16, 19, 25.) Therefore, "some evidence" existed to support the charges filed against him by Defendant Fry, and Plaintiff has provided no proof in response to show that the disciplinary was filed in retaliation. The fact that the disciplinary charge itself was ultimately dismissed, based on a technicality (a discrepancy in the time of the violation which was listed in the original report) (Doc. No. 45-2, pp. 8-9, 16), does not lessen or discount the evidence underlying the charge. Therefore, the Court finds that Plaintiff's retaliation claim against Defendant Fry is precluded by the evidence which existed to support the charge.

Likewise, that same "some evidence" precludes any retaliation claim against Defendant Warden Maples, based on his failure to properly perform his supervisory duties. Furthermore, allegations against Maples based on his supervisory authority cannot support a constitutional claim. Supervisor liability is limited in § 1983 actions, and a supervisor cannot be held liable on a theory of respondeat superior for his or her employee's allegedly unconstitutional actions. See White v. Holmes, 21 F.3d 277, 280 (8th Cir. 1994). A supervisor incurs liability only when personally involved in the constitutional violation or when the corrective inaction constitutes deliberate indifference toward the violation. Choate v. Lockhart, 7 F.3d 1370, 1376 (8th Cir. 1993). In this case, Plaintiff does not provide any proof that Maples had knowledge or personal involvement in

the filing of the October 13, 2012 disciplinary charge against him.

Plaintiff also alleged in his Complaint that Maples was responsible for the filing of other disciplinary charges against him in retaliation, stating that although Maples "did not directly order the unjustified ...unlawful retaliation,...he failed to investigate the complaints" and failed to take any corrective action. (Doc. No. 2, p 9.) Plaintiff further alleged that Maples instead delegated the responsibility for reviewing and acting on inmate complaints to the inmate grievance coordinator. (Id., p. 10.) The specific disciplinary violations cited by Plaintiff included a charge filed on June 23, 2011, by an Officer Garcia; a charge on October 14, 2011, filed by Officer Budnik; a charge on November 6, 2012, filed by Officer Naracon; and a charge on December 18, 2012, filed by Officer Guy. (Id., p. 11.)

Having reviewed the records of these disciplinary charges (Doc. No. 45-2, pp. 4-13), and the affidavit of Deputy Warden Christopher Budnik (Doc. No. 45-1), the court finds no evidence of retaliation by Defendant Maples with respect to these disciplinary charges. First, the June 23, 2011, charge filed by non-party Officer Garcia, was the subject of another lawsuit filed by Plaintiff. Waller v. Maples, et al., 1:13cv00005-SWW-BD. Plaintiff's retaliation claim in that case was dismissed on July 29, 2014, with the Court adopting the recommendation of United States Magistrate Judge Beth Deere that Plaintiff provided no evidence of a retaliatory motive by Garcia. (Doc. No. 45-2, pp. 68-75.) Next, Plaintiff provides no evidence to support his claim that the other disciplinary charges were filed against him by Maples, or pursuant to his directions, in retaliation for the exercise of a Constitutional right. Therefore, the Court finds as a matter of law that Plaintiff does not support a Constitutional claim of retaliation against Defendant Maples.

Defendants also argue they are protected from liability by qualified immunity, which protects officials who act in an objectively reasonable manner. It may shield a government official

from liability when his or her conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. McClendon v. Story County Sheriff's Office, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. See Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (the privilege is "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. Pearson v. Callahan, 555 U.S. 223, 232 (2009).[2] Defendants are entitled to qualified immunity only if no reasonable fact finder could answer both questions in the affirmative. Nelson v. Correctional Medical Services, 583 F.3d 522, 528 (8th Cir. 2009).

Upon close review of the evidence in support of the Motion for Summary Judgment, the Court finds that Defendants acted reasonably under the circumstances. No reasonable fact finder could find that the facts alleged or shown, construed in the light most favorable to Plaintiff, established a violation of a constitutional or statutory right.

### III. Conclusion

IT IS, THEREFORE, RECOMMENDED that Defendants' Second Motion for Summary

---

[2] Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." Nelson, 583 F.3d at 528 (quoting Pearson v. Callahan, 555 U.S. at 236).

Judgment (Doc. No. 44) be GRANTED, and Plaintiff's Complaint against Defendants be DISMISSED with prejudice.

IT IS SO RECOMMENDED this 8th day of September, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE